# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

PHILLIP BUSLER, et al., )
)
                Plaintiffs, )
)
v. ) No. 09-00159-CV-W-FJG
)
ENERSYS ENERGY PRODUCTS, )
INC., et al., )
)
                Defendants. )

## ORDER

Pending before the Court is plaintiffs' Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (Doc. No. 40).

### I. BACKGROUND

Plaintiffs move the Court to conditionally certify plaintiffs' claims as a collective action under the Fair Labor Standards Act ("FLSA") and for Court authorized notice pursuant to §216(b) of the FLSA. Specifically, plaintiffs Phillip Busler, Laura Owens, Judy Rose, and Ronald Norman contend that defendants did not compensate them for the time it took them to don and doff required protective gear, clothing, and equipment. Further, plaintiffs allege that defendants failed to compensate their employees for the time needed to wash and shower as was required for certain employees.

The three defendants are related corporate entities that operate the four manufacturing plants at issue: Warrensburg, Missouri; Hays, Kansas; Richmond, Kentucky; and Ooltewah, Tennessee. Plaintiffs Busler and Owen worked at the Warrensburg plant, plaintiff Rose worked at the Richmond plant, and plaintiff Norman worked at the Ooltewah

plant. Plaintiffs now move for conditional certification of a collective action which will include current and former non-exempt employees who were required to don and doff protective clothing and safety gear and/or shower at defendants' manufacturing facilities located in Warrensburg, Missouri; Hays, Kansas; Richmond, Kentucky; and Ooltewah, Tennessee from March 3, 2006 to present. Further, plaintiffs, Phillip Busler, Laura Owen, Judy Rose, Ronald Norman, and their counsel request that they act as class representatives and class counsel. Plaintiffs also request that defendants provide them with a list of potential members of the collective action following conditional certification. Plaintiffs have attached a proposed notice to potential members of this class action for the Court's approval.[1]

## II. LEGAL STANDARD

Although the Eighth Circuit has not yet adopted a test to determine whether other employees are "similarly situated" for purposes of certification, courts in the Western District have employed a two-step approach. Robertson v. LTS Mgmt. Services, LLC, 2008 WL 4559883, at *1, No. 07-0865-CV-W-FJG (W.D. Mo. Oct. 9, 2008) (quoting Young v. Cerner Corp., 503 F.Supp.2d 1226, 1228 (W.D. Mo. 2007)). In the first step, plaintiffs move for conditional certification for notice purposes at an early point in the litigation. Davis v. NovaStar Mortgage, Inc., 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). During the first step, or "notice stage," there must be "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Id. The standard to

---

[1]The proposed notice is also directed to current and former employees at defendant's Sumter, South Carolina plant; however, plaintiffs have indicated in their reply brief that they do not intend to pursue conditional certification for these employees.

2

conditionally certify a class is a lenient one; however, plaintiffs must present some evidence to support their allegations. Young, 503 F. Supp. 2d at 1229. A determination of the merits of the case is not made during this step. Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). Thus, the Court may rely on signed declarations provide appropriate support to determine whether plaintiffs are similarly situated for purposes of preliminary certification. See Boyle v. Barber & Sons, 2004 U.S. Dist. LEXIS 29168, *9 (W.D. Mo. May 21, 2004). In the second step, defendants may move to de-certify the class, which typically takes place following the close of discovery. Id.

### III. DISCUSSION

#### A. Motion to Conditionally Certify Class

Plaintiffs contend they have met the standard for conditional certification because they have set forth substantial allegations that those employees in the Warrensburg, MO; Hays, KS; Richmond, KY; and Ooltewah, TN plants are subject to the same policy of not compensating employees for donning and doffing protective gear or showering. Plaintiffs indicate that the allegations in their amended complaint reflecting defendants' policy not to compensate employees for donning/doffing and showering are supported by thirty-three sworn affidavits, including representative affidavits from all four plants. These sworn affidavits were provided by defendants' employees who have consented to joining this collective action. A review of the sworn affidavits reveals allegations that employees at the four facilities were not adequately compensated for donning and doffing protective clothes and gear or for showering and washing.

3

Defendants respond that conditional certification is not appropriate because each manufacturing plant has different pay practices and policies regarding compensation for donning/doffing protective gear and showering, and such policies and practices were developed and implemented independently of the other plants. For example, at its Warrensburg plant, employees don their uniforms and safety shoes prior to clocking in; however, they don their protective equipment after clocking in for their shift. Similarly, at the end of their shift, employees doff their protective equipment "on-the-clock" while doffing their safety shoes and uniforms "off-the-clock." The Warrensburg plant compensates employees for their off-the-clock donning and doffing by paying them for their 25 minute lunch period. Employees clock out for their lunch break, and are then subsequently required to doff their safety equipment and wash. Furthermore, the Warrensburg plant pays employees for 12 minutes of shower time for those employees required to shower.

In contrast, defendants allege that employees at the Richmond plant don and doff their uniforms, shoes, and safety glasses off-the-clock; however, they are paid for 12 minutes of changing time, 6 minutes for donning and 6 minutes for doffing. To the extent that employees are required to wear additional protective gear, defendants allege this gear is donned and doffed on-the-clock. Employees are given a 24 minute unpaid lunch period, but employees are paid for 2 minutes before and after the lunch period so they can don and doff their gear as well as wash. If an employee must wash or change clothes before a break and lunch, those employees do so on-the-clock. After their shift ends, Richmond employees shower off-the-clock, but defendants allege that they are paid for 12 minutes of showering time.

Defendants state that the Hays plant has a different policy regarding compensation,

for donning/doffing. Employees don and doff both uniforms and protective equipment before clocking in and doff their uniforms and equipment after clocking out. Like the Richmond plant, the employees are compensated 6 minutes for donning and doffing time respectively. They have a 30 minute unpaid lunch break, and employees don and doff their protective equipment before and after eating lunch respectively, while on-the-clock. Employees required to shower are compensated for 12 minutes of showering time. At the beginning of their 15 minute breaks, production employees must wash, which is done on-the-clock.

Finally, defendant's stated the Ooltewah plant's policy for donning and doffing protective gear is different than the policies and practices used by the other plants. However, while defendants specified the donning and doffing policies for the other three plants, they failed to explain or sufficiently distinguish the Ooltewah donning and doffing practices from the other three so as to require a separate or individual certification. Defendants explained that at Ooltewah, breaks and lunches are taken at a fixed time, employees do not clock in and out for lunch, and unlike any of the other plants, employees are permitted to leave the premises during lunch.

Defendants argue that plaintiffs are not similarly situated because the described compensation policies are independent and distinct from one another and, thus, do not constitute a "single decision, policy, or plan." As support for their argument, defendants cite Carlson v. Leprino Foods Co. in which the district court found conditional certification was inappropriate where the compensation policies regarding donning and doffing among the defendant's nine plants were too varied to manage in a collective action. No. 1:05-CV-798,

5

2006 WL 1851245, at *5 (W.D. Mich. June 30, 2006) (order denying conditional certification).

In reply, plaintiffs allege that all three plants have the same common policy: employees don and doff protective clothing/gear[2] off-the-clock before and after their shift, and defendants subsequently off-set this time by paying employees while they are on their lunch break. Plaintiffs claim that any distinctions amongst the compensation policies are not relevant to the present certification issue, but rather relate to the merits of the case.

In this case, the issue is whether plaintiffs have demonstrated that the proposed class of plaintiffs are victims of a single, common policy administered by defendants. Plaintiffs have submitted thirty-three sworn affidavits from employees at the four plants in question, each alleging the same basic facts: (1) employees were required to don and doff protective clothing and equipment and/or shower as part of their job working at a battery plant; (2) employees were not compensated for donning/doffing or showering; and, (3) after removing protective clothing and washing, the allotted lunch period did not provide employees sufficient time to eat. While the Court acknowledges certain policy distinctions exist between plants, the affidavits provide enough evidence at this stage to demonstrate employees were similarly situated and subject to a common practice. See Robertson v. LTS Management Services LLC, 2008 WL 4559883 (W.D. Mo. 2008); Davis v. NovaStar Mortgage, Inc., 408 F. Supp. 2d 811, 816 (W.D. Mo. 2007) (finding sworn declarations to provide appropriate support for conditional certification); Gieseke v. First Horizon Home

---

[2] Employees at the Warrensburg plant don and doff their protective *gear* on-the-clock in contrast to employees at the other two plants. However, plaintiffs argue that the fact that some protective gear is compensated for on-the-clock cannot be a basis for finding that the Warrensburg plant has a different policy.

6

Loan Corp., 408 F. Supp. 2d 1164 (D. Kan. 2006) (certified plaintiff class based on modest factual showing despite defendants' allegations that plaintiffs had different places of employment and were under different compensation plans).

The Court is mindful of defendants' argument that each plant has distinct compensation policies and such policies are not the result of a "single decision policy, or plan." Defendants' primarily relied on Carlson v. Leprino Foods Co., to support their claim that plaintiffs are not similarly situated due to the absence of a single, company-wide plan. While Carlson is instructive, it is not binding and furthermore, notable distinctions are apparent. 2006 WL 1851245 (W.D. Mich. June 30, 2006).

Carlson declined to conditionally certify a nationwide plaintiff class which similarly alleged they were not paid wages for time spent donning and doffing protective work gear. Id. at *1. The court declined to certify the class due to significant factual disparities and different policies that existed amongst defendants' nine manufacturing plants. Id. at *5. The factual disparities included that collective bargaining agreements governed the donning/doffing policies at certain plants (and thus, employees were exempt under the FLSA); certain members of the putative class had pending settlements with the Department of Labor; and, only one of nine plants was represented by sworn affidavits submitted as evidence of a uniform policy. Id. at *3-5. Thus, the court in Carlson concluded, "the factual differences between the respective plants are so significant that they appropriately warrant trials in separate for a dedicated to their own specific policies, plant organizations, time card systems, and the like." Id. at *5; See Gil et al. v. Solectron Corp. et al., No. C-07-06414-RMW, 2009 WL 88346, at *4 (N.D. Cal. Jan. 9, 2009) (order granting conditional certification) (noting that certification not appropriate in Carlson because the various

7

manufacturing plants had different policies which may have lead to finding liability for some plants while not for others).

Here, while defendants' have articulated distinctions in pay policies amongst the four different plants, plaintiffs have made a sufficient showing at this stage that there is a common policy of not paying overtime compensation for donning, doffing and showering. In reaching this preliminary determination, the Court does not reach the merits of plaintiffs' claims; instead, the Court finds only that plaintiffs' have produced sufficient evidence to support their allegation that defendants each employ a practice of nonpayment for compensable time. None of the more significant factual disparities that existed in Carlson are apparent to the Court at this time, and defendants' arguments against class certification will be considered upon review of the merits of plaintiffs' claims. If discovery reveals distinctions between the four defendants' policies such that the plaintiff class is no longer similarly situated, the Court will consider defendants' motion to decertify part or all of the class at the close of discovery during the second stage of certification review. Accordingly, the Court hereby **GRANTS** plaintiffs' Motion for Conditional Certification.

### B. Class Representatives

As no objection or concerns have been raised to the Court, plaintiffs' request that Phillip Busler, Laura Owen, Judy Rose, Ronald Norman, and their designated counsel, Brendan J. Donelon and Jason Brown, act as class representatives and class counsel is **GRANTED**.

### C. Form of Notice to the Class

In their motion for conditional certification, plaintiffs included a Proposed Notice of Claim to be sent to the potential class members. The Court finds the language of the Notice accurately sets forth the terms of the opt-in collective action under § 216(b) of the FLSA. Plaintiffs should make proper inclusion of named plaintiff Ronald Norman and defendant Hawker Powersource, Inc. plant in Ooltewah, TN, in the Notice to potential class members. Accordingly, with the corrections noted above, the Notice proposed by plaintiffs' counsel is hereby **APPROVED**.

## IV. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Certify Class under § 216(b) is hereby **GRANTED** (Doc. No. 40); the four named plaintiffs and designated class counsel are **APPROVED**; and, plaintiffs' proposed Notice of Claim to be sent to potential class members is **APPROVED**. Defendants are hereby directed to provide a list within fourteen (14) days of this order of all its non-exempt employees who are required to don and doff protective clothing and safety gear at the Warrensburg, MO; Hays, KS; Richmond, KY; and Ooltewah, TN manufacturing facilities from March 3, 2006 to the present, with their last known addresses, phone numbers, social security numbers, and dates of employment in a suitable format for mailing.

**IT IS SO ORDERED.**

Date: 09/16/09　　　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge