IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP BUSLER, et al.** | ) | |
| | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09-CV-0159-FJG |
| | ) | |
| **ENERSYS ENERGY PRODUCTS INC.,** | ) | |
| **et al.** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DETERMINING GOOD FAITH
## AND GRANTING APPROVAL OF SETTLEMENT

Pending before the Court is plaintiff's Unopposed Motion to Approve Stipulation of Settlement Agreement & Release (Doc. No. 112).

WHEREAS:

  A. On March 22, 2010, the named Plaintiffs Phillip Busler, Laura Owen, and Judy Rose in the above-captioned action (the "Litigation"), individually and as Collective Class Representatives, and Defendants Enersys Energy Products Inc. Enersys Delaware Inc. and Hawker Powersource, Inc., by their respective counsel of record, executed and filed with this Court a Stipulation of Settlement Agreement and Release ("Agreement");

  B. This Court has duly considered all of the submissions presented with respect to the Agreement;

  C. All capitalized terms in this Order Determining Good Faith and Granting Approval of Settlement ("Approval Order") that are not otherwise defined have the same meaning as in the Agreement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Approval Order will be binding on the Collective Class Members who become Qualified Claimants as defined in the Agreement.

2. The Agreement is fair, reasonable and adequate, is in the best interests of the Collective Class Members and should be approved, especially in the light of the benefits to the Collective Class Members accruing therefrom, the substantial discovery and investigation conducted by Collective Class Counsel prior to the proposed Agreement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. For purposes of the Agreement, the Court approves Analytics, Inc. as the Claims Administrator.

4. The Notice attached as Exhibit B to the Agreement fully and accurately informs the Collective Class Members of all material elements of the Litigation and the proposed Agreement.

5. The Notice also advises Collective Class Members of their right to join, or not participate in, the Agreement. Collective Class Members must exercise their right to opt-in to the Agreement within 45 days of the mailing of other distribution of the Notice.

6. The parties propose to disseminate the aforesaid Notice to all Collective Class Members via first class mail to the last known addresses of all Collective Class Members. This Court finds that the form and method of disseminating the Notice to the Collective Class Members, as provided in the Agreement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

7. The Court also finds that the proposed form and content of the Opt-In Form attached as Exhibit D to the Agreement fully comports with the requirements of applicable federal and state law.

8. Based on the foregoing, the proposed Notice and Opt-In Form are hereby approved by the Court.

9. Within twenty-eight (28) days after entry of this Order, the Claims Administrator shall mail such Notice and Opt-In Form by first class mail to the last known addresses of each Collective Class Member.

10. The Agreement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

11. The Enhancement Award to the named Plaintiffs set forth in the Agreement is hereby approved in accordance with the terms of the Agreement.

12. This Litigation is hereby dismissed in its entirety, on the merits, as against Defendants, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

13. All Qualified Claimants shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties based on any and all Released Claims.

14. Collective Class Counsels' application for an award of attorneys' fees and reimbursement of costs in the amounts set forth in the Agreement are hereby approved.

15. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration,

effectuation and enforcement of the Agreement and this Approval Order.  In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendants, Named Plaintiffs and each Qualified Claimant for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this Approval Order.  Defendants, the named Plaintiffs, and each Qualified Claimant are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Approval Order or the Agreement, except to the extent remitted by the Agreement for resolution in a different forum.

16. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Approval Order.

**IT IS SO ORDERED.**

Date: April 6, 2010  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge